# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP FRANK KENNEDY; DANA LYNN KENNEDY,<br><br>                                          Plaintiffs,<br><br>     vs.<br><br>LEHMAN BROTHERS BANK, FSB; AURORA LOAN SERVICES, LLC; et al.,<br><br>                                          Defendants. | CASE NO. 10-CV-1516 JLS (AJB)<br><br>**ORDER: GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(Doc. No. 6) |

Presently before the Court is Defendants Lehman Brothers Bank, FSB and Aurora Loan Services, LLC's (collectively, Defendants) motion to dismiss Plaintiffs' complaint. (Doc. No. 6.) Also before the Court are Plaintiffs' opposition[1] and Defendants' reply. (Doc. Nos. 10, 14.) Having fully considered the parties' arguments and the law, the Court **GRANTS** Defendants' motion to dismiss.

---

[1] The Court notes that Plaintiffs filed their opposition seven days after it was due. (*See* Doc. No. 8 (Order setting briefing schedule); Doc. No. 9 (Order modifying briefing schedule); Doc. No. 14 (Opp'n).) Defendants point out that, under the Local Rules, the Court could consider Plaintiffs' failure to timely file their opposition as a consent to the granting of Defendants' motion. (Reply 2–3; *see* S.D. Cal. Civ. R. 7.1(f)(3)(c); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).) The Court declines to do so and will accept Plaintiffs' untimely opposition because Plaintiffs are proceeding pro se and Defendants were not prejudiced by Plaintiffs' untimely filing. *See Curtis v. Treasury Dep't*, 2007 WL 460646, at *1 n.3 (N.D. Cal. Feb. 7, 2007). However, Plaintiffs are on notice that future noncompliance with the Local Rules may result in sanctions, including the Court's refusal to consider documents not timely filed. *See* S.D. Cal. Civ. R. 83.1; *Equilon Enters. LLC v. Shabazi*, 2007 WL 2141357, at *1 n.2 (N.D. Cal. July 25, 2007).

**BACKGROUND**

"On or about August 2007," Plaintiff obtained a loan from Defendant Lehman Brothers secured by a first deed of trust on the property located at 2798 Pala Mesa Lane, Fallbrook, California (the property). (Compl. ¶ 5.) As evidence of the obligation to repay, Plaintiffs executed a promissory note with Defendant Lehman Brothers (the note). (*Id.* ¶ 8.) Sometime thereafter, Plaintiffs "received a series of notices and documents in the mail regarding the planned foreclosure on the loan . . . ." (*Id.* ¶ 5; *see* Def.'s RJN Ex. 1 (Notice of Default and Election to Sell), Ex. 2 (Notice of Trustee's Sale).) In fact, a Notice of Default and Election to Sell was recorded against Plaintiffs' property on May 18, 2009. (Def.'s RJN Ex. 1.) A Notice of Trustee's Sale was recorded on August 20, 2009, setting the sale date for September 8, 2009. (*Id.* Ex. 2.) On January 19, 2010,[2] the property was sold to Defendant Aurora at a trustee's sale. (*Id.* Ex. 4 (Trustee's Deed Upon Sale).)

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

---

[2] It is not clear from Plaintiffs' complaint or the judicially noticeable documents Defendants submitted why the trustee's sale was conducted on January 19, 2010 instead of August 20, 2009—the date for which the trustee's sale was originally set. (Def.'s RJN Ex. 2.)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

**ANALYSIS**

Plaintiffs' complaint alleges four causes of action for (1) quiet title (Compl. ¶¶ 59–119); (2) slander of title (*id.* ¶¶ 120–23); (3) fraudulent concealment (*id.* ¶¶ 124–45); and (4) negligent misrepresentation (*id.* ¶¶ 146–67).[3,4] The Court addresses each cause of action in turn.

**I.     Requests for Judicial Notice**

   A.     Defendants' Request

Defendants move the Court to take judicial notice of four documents: (1) the Notice of Default and Election to Sell, (2) the Notice of Trustee's Sale, (3) a Grant Deed from Dana Lynn Kennedy to

---

[3] The Court notes that Plaintiffs' pro se complaint spans 95 pages—193 pages including exhibits—and 183 numbered paragraphs. (*See* Doc. No. 1 (Compl.).) Much of Plaintiffs' complaint does not address Defendants' conduct; rather, it appears to be a missive against the banking and mortgage industries. (*See id.* ¶¶ 12–13, 22–23, 32–47; *see also* Reply 1–10.) If Plaintiffs elect to amend their complaint, as the Court grants them leave to do *infra*, the Court expects Plaintiffs to pare down their complaint so that it is no more than what Federal Rule of Civil Procedure 8(a)(2) requires: "[A] short and plain statement of the claim showing that the pleader is entitled to relief . . . ."

[4] Defendants also move to dismiss breach of contract, fraudulent inducement, and breach of the covenant of good faith and fair dealing claims, which Defendants find "embedded within" Plaintiffs' second, third, and fourth causes of action, respectively. (Mem. ISO MTD 11–13.) Because Plaintiff has pleaded four separate causes of action, the Court will not address additional claims not properly pleaded as separate causes of action. If Plaintiffs intend to plead separate breach of contract, fraudulent inducement, and breach of the covenant of good faith and fair dealing causes of action, they may do so on amendment.

New Hope Ministries, and (4) the Trustee's Deed upon Sale. (Def.'s RJN Ex. 1–4.) Plaintiffs do not oppose this request. The Court finds that each of these documents is properly judicially noticed. All are publicly recorded and their authenticity is not in dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2001). The facts contained in the documents are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Accordingly, the Court **GRANTS** Defendants' request for judicial notice.

B.  Plaintiffs' Request

Plaintiffs move the Court to take judicial notice of various cases and statutes that allegedly support their claims. The Court has duly considered these authorities and considers judicial notice of them unnecessary. *See United States v. Marty*, 2009 WL 2365556, at *1 & n.3 (E.D. Cal. July 29, 2009) (finding judicial notice of statutes unnecessary). Accordingly, the court **DENIES** Plaintiffs' request for judicial notice.

**II.  Quiet Title**

Plaintiffs' first cause of action seeks to quiet title to the property. (Compl. ¶¶ 59–119.) The crux of Plaintiffs' quiet title claim appears in paragraph 79 of the complaint. It states that the Defendants are asserting "adverse fraudulent claims" to the property and that Plaintiffs seek to quiet title as of the date of the Notice of Default. (*Id.* ¶ 79.)

Quiet title claims may establish title against adverse claims to real property or any interest therein. Cal. Civ. Proc. Code § 760.020. A complaint alleging such a claim must be verified and include (1) a description of the property, (2) the basis for plaintiff's title, (3) the adverse claim or claims to title, (4) the date as of which the determination is sought, and (5) a prayer for determination of plaintiff's title against the adverse claims. *Id.* § 761.020.

The Court finds that this claim must be **DISMISSED** because Plaintiffs have not alleged that they are able to tender the amount of their indebtedness. Under California's "tender rule," "a mortgagor cannot quiet title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 28 P.2d 673, 678 (Cal. 1934); *see Mehta v. Wells Fargo Bank, N.A.*, — F. Supp. 2d —, 2010 WL 3385020, at *18 (S.D. Cal. Aug. 26, 2010) (Sammartino, J.); *Kozhayev v. America's Wholesale Lender*, 2010 WL 3036001, at *4–*5 (E.D. Cal. Aug. 2, 2010); *Karlsen v. Am. Sav. & Loan Ass'n*, 92

Cal. Rptr. 851, 854 (Cal. Ct. App. 1971). Here, Plaintiffs do not allege that they have tendered the balance owing on the note—$917,289.09 (Def.'s RJN Ex. 4)—or that they are able to do so. Absent this key offer, the Court must **DISMISS** this claim **WITHOUT PREJUDICE**.[5]

### III.     Slander of Title

Plaintiffs' second cause of action for slander of title alleges that Defendants lacked the right to foreclose because they "have not produced any evidence whatsoever that they are holding the original notes [sic] . . . ." (Compl. ¶ 120.)

Slander of title "occurs when a person, without a privilege to do so, publishes a false statement that disparages title to property and causes pecuniary loss." *Truck Ins. Exch. v. Bennett*, 61 Cal. Rptr. 2d 497, 503 (Cal. Ct. App. 1997). "The elements of the tort are (1) publication, (2) absence of justification, (3) falsity[,] and (4) direct pecuniary loss." *Id.* (internal quotation marks omitted).

Plaintiffs fail to allege even the basic elements of a slander of title claim. Rather, Plaintiffs appear to base their slander of title claim solely on the fact that Defendants did not produce the original note before recording the Notice of Default. However, it is well established that a lender need not produce the original note to initiate non-judicial foreclosure proceedings. *Aguilera*, 2010 WL 3340566, at *3–*4 ("[T]here is no requirement under California law that the lender possess or produce the note before initiating foreclosure."); *Ultreras v. Recon Trust Co.*, 2010 WL 2305857, at *4 (C.D. Cal. June 7, 2010) (same); *Huestis v. IndyMac Fed. Bank*, 2010 WL 1416714, at *6 (E.D. Cal. Apr. 8, 2010) (same); *Quintero Family Trust v. OneWest Bank, FSB*, 2010 WL 392312, at *6 (S.D. Cal. Jan. 27, 2010) (same). Because Defendants' failure to produce the original note cannot serve as a basis for Plaintiffs' slander of title claim, the Court must **DISMISS** this claim **WITHOUT PREJUDICE**.

### IV.     Fraudulent Concealment

In their third cause of action, Plaintiffs allege that Defendants fraudulently concealed material facts in connection with their servicing of Plaintiffs' loan. (*See* Compl. ¶¶ 125–26, 128–33, 137.)

---

[5] To the extent Plaintiffs' causes of action for slander of title, fraudulent concealment, and negligent misrepresentation also seek to set aside the foreclosure sale, Plaintiffs' failure to allege that they have tendered the balance owing on the note bars these claims as well. *See Aguilera v. Hilltop Lending Corp.*, 2010 WL 3340566, at *3 (N.D. Cal. Aug. 25, 2010) (citing *Kozhayev*, 2010 WL 3036001, at *4); Compl. ¶ 175 (asking that trustee's sale be "abated and reversed").

Plaintiffs appear to base this claim on Defendants' alleged failure to disclose material facts regarding the alleged assignment of the note to an unnamed third party. (*See id.* ¶ 128.)

In California, plaintiffs alleging fraudulent concealment must plead five elements:

> (1) [T]he defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

*Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 100 Cal. Rptr. 3d 637, 652 (Cal. Ct. App. 2009) (quoting *Roddenberry v.Roddenberry*, 51 Cal. Rptr. 2d 907, 926 (Cal. Ct. App. 1996)).

Because this is a fraud claim, Federal Rule of Civil Procedure 9(b) sets the bar for Plaintiff's pleadings. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." These allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)) (internal quotation marks omitted). Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Vess*, 317 F.3d at 1106 (citations omitted).

Plaintiffs' allegations in support of their fraudulent concealment claim do not meet Rule 9(b)'s heightened pleading standard. At the threshold, Plaintiffs fail to allege even the elements of fraudulent concealment. Moreover, although the complaint gives Defendants notice of *what* they allegedly concealed—the status of the original note and other loan documents—it does not allege *who* concealed it, *when* and *where* it was concealed, or *how* it was concealed. *See Vess*, 317 F.3d at 1106. Because Plaintiffs have failed to plead their fraudulent concealment claim with the particularity that Rule 9(b) requires, the Court must **DISMISS** this claim **WITHOUT PREJUDICE**.

**V.    Negligent Misrepresentation**

Plaintiffs' fourth cause of action for negligent misrepresentation appears to arise out of the same alleged conduct that forms the basis for Plaintiffs' third cause of action for fraudulent concealment: Defendants' representations (or lack thereof) regarding the assignment of the note to a third party. (*See* Compl. ¶¶ 149–50, 155–56, 161.) Plaintiffs also allege that Defendants misrepresented the scope of the authority granted to Mortgage Electronic Registration Systems, which is not a named defendant in this action. (*Id.* ¶¶ 148–49, 151–52, 158–60.)

Under California law:

> Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages.

*Fox v. Pollack*, 226 Cal. Rptr. 532, 537 (Cal. Ct. App. 1986).

Like Plaintiffs' fraudulent concealment claim, their negligent misrepresentation claim does not plead sufficient factual content to meet Rule 9(b)'s heightened pleading standard. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1140 (C.D. Cal. 2003) (holding that negligent misrepresentation claims must "satisfy the heightened pleading standard set forth in Rule 9(b)"). Plaintiffs' complaint does not adequately allege the elements of negligent misrepresentation, let alone the who, what, when, where, and how of the alleged misrepresentations. Accordingly, the Court must **DISMISS** Plaintiffs' negligent misrepresentation claim **WITHOUT PREJUDICE**.

## CONCLUSION

For the reasons stated, the Court **GRANTS** Defendants' motion to dismiss Plaintiffs' claims **WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**. If Plaintiffs wish to file an amended complaint, they **SHALL DO SO** within 14 days of the date that this Order is electronically docketed.

IT IS SO ORDERED.

DATED: November 2, 2010

Honorable Janis L. Sammartino
United States District Judge