UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| PHILIP FRANK KENNEDY; DANA LYNN KENNEDY,<br><br>                                            Plaintiffs,<br>vs.<br><br><br>LEHMAN BROTHERS BANK, FSB; AURORA LOAN SERVICES, LLC; et al.,<br><br>                                            Defendants. | CASE NO. 10-CV-1516 JLS (MDD)<br><br>**ORDER: (1) GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE;**<br>**(2) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE; (3) GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(ECF No. 19) |
|---|---|

Presently before the Court is Defendants Lehman Brothers Bank, FSB and Aurora Loan Services, LLC's (collectively, Defendants) motion to dismiss Plaintiffs' first amended complaint. (ECF No. 19.) Also before the Court are Plaintiffs' opposition and Defendants' reply. (ECF Nos. 20, 25.) Having considered the parties' arguments and the law, the Court **GRANTS** Defendants' motion to dismiss.

## BACKGROUND

"On or about August 2007," Plaintiffs obtained a loan from Defendant Lehman Brothers secured by a first deed of trust on the property located at 2798 Pala Mesa Lane, Fallbrook, California (the property). (FAC ¶ 5, ECF Nos. 17 to 17-3.) As evidence of the obligation to repay, Plaintiffs executed a promissory note with Defendant Lehman Brothers (the note). (*Id.* ¶ 6.) Sometime

1  thereafter, Plaintiffs "received a series of notices and documents in the mail regarding the planned
2  foreclosure on the loan . . . ." (*Id.* ¶ 5; *see* Defs.' RJN Ex. 1, ECF No. 19-1 (Notice of Default and
3  Election to Sell); *id.* Ex. 2 (Notice of Trustee's Sale).) In fact, a notice of default and election to sell
4  was recorded against Plaintiffs' property on May 18, 2009. (Defs.' RJN Ex. 1.) A notice of trustee's
5  sale was recorded on August 20, 2009, setting the sale date for September 8, 2009. (*Id.* Ex. 2.) On
6  January 19, 2010, the property was sold to Defendant Aurora at a trustee's sale. (*Id.* Ex. 4 (Trustee's
7  Deed Upon Sale).)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely

consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

## ANALYSIS

Plaintiffs' first amended complaint alleges four causes of action for (1) quiet title; (2) wrongful foreclosure; (3) fraudulent concealment; and (4) misrepresentation (*See* FAC.) The Court addresses each cause of action in turn.

**1.    Requests for Judicial Notice**

*A.    Defendants' Request*

Defendants move the Court to take judicial notice of four documents: (1) the notice of default and election to sell, (2) the notice of trustee's sale, (3) a grant deed from Dana Lynn Kennedy to New Hope Ministries, and (4) the trustee's deed upon sale. (Def.'s RJN Exs. 1–4.) The Court previously took judicial notice of these documents in ruling on Defendants' earlier motion to dismiss. (Order 3–4, Nov. 2, 2010, ECF No. 16.) Accordingly, for the reasons stated in the Court's earlier Order, Defendants' request for judicial notice is **GRANTED**.

*B.    Plaintiff's Requests*

First, Plaintiff requests judicial notice of their notice of intent to preserve an interest. (Pls.' First RJN, ECF No. 24.) Defendants do not oppose this request and the Court finds that the document is properly judicially noticed. It is publicly recorded and its authenticity is not in dispute. *See Lee v. City of L.A.*, 250 F.3d 668, 669 (9th Cir. 2001). Accordingly, Plaintiff's first request for judicial notice is **GRANTED**.

Second, Plaintiff requests judicial notice of three documents: (1) a chain of title, (2) a rescission of trustee's deed, and (3) a current tax assessment. (Pls.' Second RJN Exs. A–C, ECF No. 28.) "A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically

1  attached to the [plaintiff's] pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir.1998)
2  (alteration in original) (internal quotation marks omitted), *superseded by statute on other grounds as*
3  *recognized in Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  Also, "a district court
4  ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and
5  upon which the plaintiff's complaint necessarily relies." *Id.* at 706.

6        Plaintiffs' second request for judicial notice fails.  Though Defendants do not dispute the
7  authenticity of the documents, the documents are neither extensively referenced in the first amended
8  complaint nor critical to Plaintiffs' claims.  Accordingly, the Court **DENIES** Plaintiffs' second request
9  for judicial notice.

10 **2.   Quiet Title**

11       Plaintiffs' first cause of action is essentially identical to the quiet title cause of action in the
12 original complaint.  Plaintiffs allege that Defendants are asserting "adverse fraudulent claims" to the
13 property, and Plaintiffs seek to quiet title as of the date of the notice of default.  (FAC ¶ 89.)

14       Under California's "tender rule," "a mortgagor cannot quiet title against the mortgagee without
15 paying the debt secured." *Shimpones v. Stickney*, 28 P.2d 673, 678 (Cal. 1934); *see Kozhayev v.*
16 *America's Wholesale Lender*, 2010 WL 3036001, at *4–*5 (E.D. Cal. Aug. 2, 2010); *Karlsen v. Am.*
17 *Sav. & Loan Ass'n*, 92 Cal. Rptr. 851, 854 (Cal. Ct. App. 1971).

18       The Court finds that this claim must be **DISMISSED** because Plaintiffs have not fulfilled
19 California's tender rule requirement. *See Kozhayev*, 2010 WL 3036001, at *5 (dismissing the quiet
20 title claim because plaintiff failed to allege tender).  Plaintiffs' vague allegation that they "tendered
21 payment to Defendants" is plainly insufficient because Plaintiffs do not allege that they had the means
22 to make good on their offer.  (FAC ¶ 72; *see Ritchie v. Cmty. Lending Corp.*, 2009 WL 2581414, at
23 *3 (C.D. Cal. Aug. 12, 2009).)  Because Plaintiffs have again failed the to fulfill the requirement of
24 tender, the Court **DISMISSES** this claim **WITH PREJUDICE**.

25 **3.   Wrongful Foreclosure**

26       In their wrongful foreclosure cause of action, Plaintiffs allege that Defendants are not "in
27 possession of the note" and therefore "do not have any authority or standing to foreclose" on the
28 property.  (FAC ¶ 32.)

1    Plaintiffs' wrongful foreclosure claim fails for two independent reasons. First, California does
2 not require possession of the original note before initiating a foreclosure. *See Ngoc Nguyen v. Wells*
3 *Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1035 (N.D. Cal. 2010) ("California law does not require
4 possession of the [original] note as a precondition to non-judicial foreclosure under a deed of trust."
5 (internal quotation marks omitted)); *Quintero Family Trust v. OneWest Bank, FSB*, 2010 WL 392312,
6 at *6 (S.D. Cal. Jan. 27, 2010) (rejecting a wrongful foreclosure claim because producing an original
7 note is not a prerequisite to foreclosure in California). Because Plaintiffs' wrongful foreclosure claim
8 relies heavily on Defendants' failure to produce the original note, Plaintiffs have failed to establish
9 that they are entitled to relief. Second, California's tender rule also bars this claim. *See Guerrero v.*
10 *Greenpoint Mortg. Funding, Inc.*, 403 F. App'x 154, 157 (9th Cir. 2010) (holding that plaintiffs lacked
11 standing to bring a wrongful foreclosure claim because they did not allege "actual, full, and
12 unambiguous tender" of the debt owed on the mortgage); *Lofgren v. Nat'l City Mortg., Inc.*, 2011 WL
13 109080, at *2 (S.D. Cal. Jan. 11, 2011) (granting defendant's motion to dismiss plaintiff's wrongful
14 foreclosure claim for failure to allege tender). Accordingly, the Court **DISMISSES** this claim **WITH**
15 **PREJUDICE**.

16 **4.    Fraudulent Concealment**

17    Plaintiffs next allege that Defendants "negligently or intentionally and fraudulently concealed
18 material facts" about Plaintiffs' mortgage. (FAC ¶ 155.) Plaintiffs argue that because Defendants did
19 not have standing to enforce the loan, Defendants should have informed Plaintiffs of the true note
20 holder's identity. (*Id.*)

21    Under California law, fraudulent concealment claims must satisfy the following elements:

22    (1) [T]he defendant must have concealed or suppressed a material fact, (2) the
     defendant must have been under a duty to disclose the fact to the plaintiff, (3) the
23   defendant must have intentionally concealed or suppressed the fact with the intent to
     defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not
24   have acted as he did if he had known of the concealed or suppressed fact, and (5) as
     a result of the concealment or suppression of the fact, the plaintiff must have sustained
25   damage.

26 *Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 100 Cal. Rptr. 3d 637, 652 (Cal. Ct. App. 2009) (citation
27 omitted).

28    Because this is a fraud claim, Federal Rule of Civil Procedure 9(b) sets the bar for Plaintiffs'

pleadings. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir. 2003). Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." These allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)) (internal quotation marks omitted). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Vess*, 317 F.3d at 1106 (citations omitted).

Although Plaintiffs recite the elements of a fraudulent concealment claim, Plaintiffs' allegations do not meet Rule 9(b)'s heightened pleading standard. Plaintiffs indicate that Defendants concealed the status of the note, but Plaintiffs fail to indicate *who* concealed it, *when* and *where* it was concealed, or *how* it was concealed. *See Vess*, 317 F.3d at 1106. Because Plaintiffs have again failed to plead their fraudulent concealment claim with sufficient particularity, this claim is **DISMISSED WITH PREJUDICE**.

**5.     Negligent Misrepresentation**

Plaintiffs' fourth cause of action for negligent misrepresentation has the same factual basis as the fraudulent concealment claim—Defendants' representations (or lack thereof) regarding the status of the note. (*See* FAC ¶¶ 176–80.) Plaintiffs reallege that Defendants misrepresented the scope of the authority granted to Mortgage Electronic Registration Systems, which is not a named defendant in this action. (*Id.* ¶¶ 176–95.)

Under California law:

> Negligent misrepresentation is a form of deceit, the elements of which consist of (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages.

*Fox v. Pollack*, 226 Cal. Rptr. 532, 537 (Cal. Ct. App. 1986).

Like the fraudulent concealment claim, Plaintiffs' negligent misrepresentation claim does not

1  plead sufficient facts to meet the heightened pleading standard. *See Neilson v.Union Bank of Cal.,*
2  *N.A.*, 290 F. Supp. 2d 1101, 1140 (C.D. Cal. 2003) (holding that negligent misrepresentation claims
3  must "satisfy the heightened pleading standard set forth in Rule 9(b)"). Plaintiffs' FAC does not
4  adequately allege the elements of negligent misrepresentation, nor does it contain "the who, what,
5  when, where, and how" of the alleged negligent misrepresentation. Because Plaintiffs have failed to
6  amend this claim to meet Rule 9(b)'s heightened pleading standard, this claim is **DISMISSED WITH**
7  **PREJUDICE**.

## CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's motion to dismiss. Plaintiffs' claims are **HEREBY DISMISSED WITH PREJUDICE** and **WITHOUT LEAVE TO AMEND**. This Order concludes the litigation in this matter. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August 10, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge